UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AYUSH HERBS, INC.,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>MAHITA, LLC d/b/a PUSHMYCART, and NOVA WEB INNOVATIONS PVT. LTD.,<br><br>　　　　　　Defendants. | CASE NO. 2:24-cv-00607-TL<br><br>ORDER ON MOTION FOR DEFAULT JUDGMENT AND ENTRY OF PERMANENT INJUNCTION |

This is an action for damages and injunctive relief for trademark infringement and related claims. This matter comes before the Court on Plaintiff Ayush Herbs, Inc.'s ("Ayush") Motion for Default Judgment and Entry of Permanent Injunction Against Defendant Nova Web Innovations Pvt. Ltd. ("Nova"). Dkt. No. 21.[1] Defendant Nova has not appeared or otherwise participated in this case. Having reviewed the briefing and relevant record, the Court GRANTS the motion and ENTERS JUDGMENT against Defendant Nova.

---

[1] On October 21, 2024, the Court entered a Final Consent Judgment and Permanent Injunction against Defendant Mahita, LLC, the other Defendant in this case. Dkt. No. 14.

# I. BACKGROUND

## A. Parties

### 1. Plaintiff

Plaintiff Ayush is a Washington corporation with its principal place of business located in Redmond, Washington. Dkt. No. 1 ¶ 1. Ayush sells Ayurvedic herbal medicine, supplements, vitamins, minerals, and enzymes under the "Ayush Herbs" trademark. *Id.* ¶ 9. The company asserts that it "bases its formulations on traditional Ayurvedic combinations [that] contain[] herbs grown naturally in their pristine Himalayan habitat, without the use of pesticides, insecticides, herbicides, or chemical fertilizers." *Id.* ¶ 10. Ayush's products "are subject to strict quality control standards and carry certifications in organic and kosher practices, as well as [International Organization for Standardization] practices and U.S. Food and Drug Association [*sic*] Good Manufacturing Practices." *Id.* ¶ 11.

Relevant to this case, Ayush owns two trademarks: "Ayush Herbs," No. 2,493,772, in International Trademark Class 003 and International Trademark Class 005; and "Ayush," No. 6,762,042, in International Class 003 and International Class 005. *Id.* ¶¶ 13, 15; *see also id.* at 18, 20 (registration documentation from United States Patent and Trademark Office). Ayush registered the "Ayush Herbs" trademark on October 2, 2001; the trademark became incontestable in 2007. *Id.* ¶ 14. Ayush registered the "Ayush" trademark on June 22, 2022. *Id.* ¶ 15.

### 2. Defendants

There are two Defendants in this case. Defendant Mahita, LLC, d/b/a Pushmycart ("Mahita"), is a Texas limited liability company. *Id.* ¶ 2. Defendant Mahita "operates an e-commerce business that offers a platform for merchants in India to sell products to consumers in other countries, including the United States." *Id.* ¶ 27. On October 21, 2024, Ayush and

Defendant Mahita agreed to a consent judgment, whereby the Court permanently enjoined Defendant Mahita from, among other things:

> manufacturing, producing, acquiring, purchasing, importing, receiving, exporting, distributing, circulating, selling, offering for sale, advertising, or promoting in the United States any product that bears one or more of the Ayush Herbs Trademarks, any mark confusingly similar to the Ayush Herbs Trademarks, or any mark that includes the word or term AYUSH as an element of a mark or product name, in connection with the goods or services identified in the Ayush Herbs Trademarks' registration certificates or related goods or services.

Dkt. No. 14 ¶ 19.a. The consent judgment closed the case as to Defendant Mahita, leaving Defendant Nova as the sole remaining Defendant in this action. *Id.* ¶ 24.

Defendant Nova is an Indian company located in Hyderabad, India. Dkt. No. 1 ¶ 3. Defendant Nova is the "main supplier and shipper of goods" to Defendant Mahita. *Id.* ¶ 28.

**B.   Allegations**

Working with Defendant Mahita, Defendant Nova supplies and ships to the United States the same kinds of products as Ayush—*e.g.*, "cosmetic, skincare, and haircare products, as well as dietary and herbal supplement products"—but which are "materially different" from those manufactured by Ayush. *Id.* ¶¶ 27–29, 39, 41, 43. Defendant Nova's products bear marks that are "confusingly similar to the AYUSH HERBS® and AYUSH® trademarks." *Id.* ¶ 43. There are three claims against Defendant Nova. First, Ayush alleges trademark infringement in violation of 15 U.S.C. § 1114. Defendant Nova "sell[s] products bearing the infringing 'Ayush' marks on the pushmycart.com marketplace bearing numerous unauthorized 'Ayush' marks and infringing imported grey market goods." *Id.* ¶ 53. The infringing marks are "confusingly similar" to the

1  legitimate trademarks, and the products that bear them are "identical[2] and highly related" to
2  Plaintiff's products. *Id.* ¶¶ 54–55. Second, based on these facts, Ayush alleges unfair competition
3  under 15 U.S.C. § 1125(a). *See id.* ¶ 68–76. Third, Ayush alleges unfair competition under
4  Washington law. *See id.* ¶¶ 77–80.

5  **C.     Procedural History**

6  On May 2, 2024, Ayush commenced the instant action. Dkt. No. 1. On May 3, 2024, the
7  Clerk of Court issued summonses. Dkt. No. 3. After more than three months, however, Ayush
8  still had not filed proof of service for either Defendant, and neither Defendant had appeared.
9  Therefore, on August 27, 2024, the Court issued Ayush an order to show cause as to why it had
10 not served Defendants or otherwise prosecuted its case. Dkt. No. 7. On September 10, 2024,
11 Ayush responded, advising the Court that, as to Defendant Nova, Ayush had submitted the
12 "requisite service forms under [T]he Hague Convention to the India Central Authority," but that
13 it had not received any information from the Central Authority regarding service. Dkt. No. 8 at 2.
14 Ayush requested a 90-day extension to effect service on Defendant Nova via The Hague
15 Convention. *Id.* As to Defendant Mahita, Ayush advised that, after making numerous attempts to
16 serve process, the Parties had ultimately negotiated a resolution of Ayush's claims. *Id.* at 3.
17 Ayush asserted that, as of the date of its response to the show-cause order, Defendant Mahita was
18 obtaining local counsel that could appear on its behalf and enter a consent judgment. *Id.* On
19 September 12, 2024, the Court granted the 90-day extension that Ayush had requested. Dkt.
20 No. 10.

---

[2] Defendant Nova's products are not, strictly speaking, "identical" to Ayush's products. *See, e.g.*, Dkt. No. 1 ¶¶ 21–25 (explaining that some of the products bearing the infringing marks "have different characteristics" from Ayush's legitimate products). What is important here is that Defendant Nova's products bear the infringing marks.

1   On September 18, 2024, Ayush filed an affidavit of service attesting that Defendant Nova had been served in Hyderabad via The Hague Convention. Dkt. No. 11. On October 17, 2024, Defendant Mahita, having retained counsel, submitted with Ayush a proposed final consent judgment and permanent injunction against Defendant Mahita. Dkt. No. 13. On October 21, 2024, the Court entered the judgment as proposed and issued a permanent injunction against Defendant Mahita. Dkt. No. 14.

On October 30, 2024, Ayush filed a motion for an entry of default against Defendant Nova (Dkt. No. 15), which the Court granted on November 7, 2024 (Dkt. No. 17). Finally, on January 15, 2025, Ayush filed the instant motion seeking default judgment and entry of a permanent injunction against Defendant Nova. Dkt. No. 21. Despite being served with the Complaint on July 10, 2024 (*see* Dkt. No. 11), Defendant Nova has not answered or otherwise responded to the complaint and has not participated in this case in any way.

## II.   LEGAL STANDARD

A court's decision to enter a default judgment is discretionary. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Default judgment is "ordinarily disfavored," because courts prefer to decide "cases on their merits whenever reasonably possible." *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986) (affirming district court's denial of default judgment). When considering whether to exercise discretion in entering default judgments, courts may consider a variety of factors, including:

> (1) the possibility of prejudice to the plaintiff; (2) the merits of a plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Id.* at 1471–72. "None of the factors is dispositive in itself; instead, [courts] must balance all seven." *Indian Hills Holdings, LLC v. Frye*, 572 F. Supp. 3d 872, 884 (S.D. Cal. 2021); *e.g.*, *Bd. of Trs. of San Mateo Hotel Emps. & Rest. Emps. Welfare Fund v. H. Young Enters., Inc.*, No. C08-2619, 2009 WL 1033665 (N.D. Cal. Apr. 13, 2009), at *4–5 (finding second and third *Eitel* factors dispositive when deciding to enter default judgment).

Courts reviewing motions for default judgment must accept the allegations in the complaint as true, except facts related to the amount of damages. *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977). "However, necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992); *accord Little v. Edward Wolff & Assocs. LLC*, No. C21-227, 2023 WL 6196863, at *3 (W.D. Wash. Sept. 22, 2023) (quoting *Cripps*). Damages are also limited to what was reasonably pleaded. Fed. R. Civ. P. 54(c) ("A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings.").

### III.  DISCUSSION

**A.  Jurisdiction**

As an initial matter, the Court "has an affirmative duty to look into its jurisdiction over both the subject matter and the parties." *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999).

**1.  Subject-Matter Jurisdiction**

The Court finds that it has subject-matter jurisdiction over this matter based on Plaintiff's claims for trademark infringement and unfair competition. 15 U.S.C. §§ 1114, 1125(a); 28 U.S.C. §§ 1331, 1338. The Court also finds that it has supplemental jurisdiction over Plaintiff's state-law claim for unfair competition. 28 U.S.C. § 1367.

### 2. Personal Jurisdiction

Washington's long-arm statute is coextensive with the reach of federal due process. RCW 4.28.180. Therefore, to exercise personal jurisdiction over a nonresident defendant, the defendant need only have "certain minimum contacts" with the relevant forum "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotation marks omitted). This means a "defendant's conduct and connection with the forum State must be such that the defendant should reasonably anticipate being haled into court there." *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990) (internal quotation marks and citation omitted).

Accepting Plaintiff's allegations as true, the Court finds that it has personal jurisdiction over Defendant Nova, who "regularly conducts, transacts, and solicits business in Washington." Dkt. No. 1 ¶ 7. Defendant Nova:

> supplies its goods . . . and services to consumers in Washington and in this judicial district; practices the unlawful conduct complained of herein in Washington and in this judicial district; and has purposefully directed its actions and business to Washington and this judicial district, or has otherwise availed itself of the privileges and protections of the laws of the state of Washington."

*Id.* Because this allegation has gone unchallenged and must be considered true, it is sufficient to establish this Court's personal jurisdiction over Defendant Nova, especially given that Ayush, the company whose trademarks were infringed upon, is a resident of the forum state. *See* Dkt. No. 1 ¶ 1; *see also Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1229 (9th Cir. 2011).

## B. Propriety of Default Judgment

Considering the *Eitel* factors, the Court finds that entry of default judgment is appropriate.

### 1. Factor One: Prejudice to Plaintiffs

Without entry of default judgment, Ayush will be prejudiced. Ayush has attempted to litigate this case and vindicate its rights under federal and state law against Defendant Nova. But Defendant Nova has failed to appear or participate in this litigation, despite having been properly served. "Without default judgment, Plaintiff[] will suffer prejudice because [it] will 'be denied the right to judicial resolution' of [its] claims and will be 'without other recourse for recovery.'" *Amazon.com, Inc. v. Wong*, No. C19-990, 2024 WL 553695, at *3 (W.D. Wash. Feb. 12, 2024) (quoting *Elektra Ent. Grp. v. Crawford*, 226 F.R.D. 388, 392 (C.D. Cal. 2005)). Therefore, the Court finds that the first factor favors entry of default judgment.

### 2. Factors Two and Three: Merits of Plaintiff's Claims and Sufficiency of Complaint

Taking the allegations in Ayush's complaint as true, Ayush has successfully pleaded potentially meritorious claims against Defendant Nova. *See PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002) (explaining how the Ninth Circuit has suggested that the second and third *Eitel* factors require a plaintiff to state a claim on which it can recover).

Ayush brings claims against Defendant Nova for trademark infringement, federal unfair competition, and state-law unfair competition. Dkt. No. 1 ¶¶ 50–57, 68–80. Claims for federal trademark infringement under 15 U.S.C. § 1114 and federal unfair competition under 15 U.S.C. § 1125(a) are subject to the same legal standards. *Mintz v. Subaru of Am.*, 716 Fed. App'x 618, 622 (9th Cir. 2017) (noting that the elements needed to establish trademark infringement under 15 U.S.C. § 1114 and the elements needed to establish federal unfair competition under 15 U.S.C. § 1125(a) are "identical"). These same elements also apply to Ayush's state-law claims of unfair competition. *See Safeworks, LLC v. Teupen Am., LLC*, 717 F. Supp. 2d 1181, 1192 (W.D. Wash. 2010).

To prevail on a claim for trademark infringement under 15 U.S.C. § 1114, a plaintiff must show that the defendant used:

> (1) a reproduction, counterfeit, copy or colorable imitation of [its] registered trademark, (2) without its consent, (3) in commerce, (4) in connection with the sale, offering for sale, distribution or advertising of any goods, (5) where such use is likely to cause confusion, or to cause a mistake or to deceive.

*Wong*, 2024 WL 553695, at *4 (quoting *Amazon.com v. Kurth*, No. C18-353, 2019 WL 3426064, at *2 (W.D. Wash. July 30, 2019)). "Likelihood of confusion exists when consumers viewing the mark would probably assume that the goods it represents are associated with the source of a different product identified by a similar mark." *Id.* (quoting *KP Permanent Make-Up, Inc. v. Lasing Impression I, Inc.*, 408 F.3d 596, 608 (9th Cir. 2005)). Courts generally evaluate eight "*Sleekcraft*" factors to determine whether confusion is likely:

> 1) the strength of the mark; 2) proximity or relatedness of the goods; 3) the similarity of the marks; 4) evidence of actual confusion; 5) the marketing channels used; 6) the degree of care customers are likely to exercise in purchasing the goods; 7) the defendant's intent in selecting the mark; and 8) the likelihood of expansion into other markets.

*KP Permanent Make-Up, Inc.*, 408 F.3d at 608 (citing *AMF, Inc. v. Sleekcraft Boats*, 599 F.2d 341, 348–49 (9th Cir. 1979)). "Where a defendant uses a counterfeit mark, however, courts both within and outside the Ninth Circuit presume a likelihood of consumer confusion." *Wong*, 2024 WL 553695, at *4 (citing *Coach, Inc. v. Pegasus Theater Shops*, No. C12-1631, 2013 WL 5406220, at *3 (W.D. Wash. Sept. 25, 2013) (compiling cases)).

Taking the allegations in the complaint as true, Ayush has sufficiently demonstrated that it owns trademarks to "Ayush" and "Ayush Herbs." Dkt. No. 1 ¶¶ 13, 15. Ayush has also sufficiently alleged that Defendant Nova has used one or both of these trademarks without Ayush's authorization (*id.* ¶¶ 28, 36), and that Defendant Nova's use of those marks has created

and continues to create a likelihood of confusion among consumers as to the source of the infringing products (*id.* ¶¶ 25, 44). Defendant's use of Ayush's marks damages Ayush's reputation and goodwill among consumers, thereby damaging Ayush. *See id.* ¶ 43. Therefore, the Court finds that Ayush has established its claim for federal trademark infringement against Defendants. Further, given that all three claims in the complaint share the same set of legal elements, the Court necessarily finds further that Ayush has also sufficiently pleaded claims of federal and state-law unfair competition. *See Safeworks, LLC*, 717 F. Supp. 2d at 1192. As all three of Ayush's claims against Defendant Nova are sufficiently pleaded and potentially meritorious, the Court finds that the second and third factors favor entry of default judgment.

### 3. Factor Four: Sum of Money at Stake

Under the fourth *Eitel* factor, "the court must consider the amount of money at stake in relation to the seriousness of [the] defendant's conduct." *PepsiCo*, 238 F. Supp. 2d at 1176. When a plaintiff seeks only injunctive relief and no monetary damages in its motion for default judgment, the fourth *Eitel* factor weighs in favor of default judgment. *See id.* at 1176–77. Here, Ayush seeks only injunctive relief. *See* Dkt. No. 21 at 18; *see also* Dkt. No. 21-1 at 3–4 (detailing specific injunctive relief sought). Therefore, the Court finds that the fourth factor favors entry of default judgment.

### 4. Factor Five: Possibility of Dispute of Material Facts

"When default has been entered, courts find that there is no longer the possibility of a dispute concerning material facts because the court must take the plaintiff's factual allegations as true." *Curtis v. Illumination Arts, Inc.*, 33 F. Supp. 3d 1200, 1212 (W.D. Wash. 2014). The Court does not anticipate the possibility of a dispute concerning material facts as to its claims against Defendant Nova for the simple reason that Nova has failed to appear and is the only remaining

1 defendant in this case. There is no evidence suggesting that a dispute of material facts could
2 arise. Therefore, the Court finds that the fifth factor favors entry of default judgment.

3    5.    **Factor Six: Whether Default Is Due to Excusable Neglect**

4 There is no evidence that Defendant Nova's failure to appear is due to excusable neglect.
5 Indeed, Ayush has provided evidence indicating that Defendant Nova was properly served yet
6 still failed to appear in this action. *See* Dkt. No. 11. Therefore, the Court finds that the sixth
7 factor favors entry of default judgment.

8    6.    **Factor Seven: Strong Policy in Favor of Decision on the Merits**

9 The Court maintains a strong policy preference in favor of resolution of a plaintiff's
10 claim on the merits. "Where, as here, a defendant fails to appear or defend itself in the action,
11 however, the policy favoring decisions on the merits is not dispositive." *Amazon.com v. Dong*,
12 No. C21-159, 2024 WL 775900, at *7 (W.D. Wash. Feb. 26, 2024). This Court has found that a
13 defendant's "decision not to appear in [a] case vitiates against this policy." *See, e.g.*,
14 *Amazon.com, Inc. v. Peng*, No. C23-607, 2024 WL 4722141, at *9 (W.D. Wash. Nov. 8, 2024).
15 Therefore the Court finds that the seventh factor favors entry of default judgment.

16                    *    *    *

17 In sum, all seven *Eitel* factors favor entry of default judgment. Therefore, the Court
18 GRANTS Ayush's motion for default judgment and ENTERS judgment accordingly.

19 **C.    Permanent Injunction**

20 The Lanham Act authorizes "the power to grant injunctions according to principles of
21 equity and upon such terms as the court may deem reasonable, to prevent the violation of any
22 right of the trademark owner." *Reno Air Racing Ass'n v. McCord*, 452 F.3d 1126, 1137 (9th Cir.
23 2006) (internal quotation marks and citation omitted).

24

In trademark cases, courts apply "traditional equitable principles" in deciding whether to grant permanent injunctive relief. *Id.* at 1137 (quoting *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 393 (2006) (internal quotation marks omitted)). A plaintiff must demonstrate:

> (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

*Id.* at 1137 n.11 (quoting *eBay Inc.*, 547 U.S. at 391). A trademark holder is entitled to a rebuttable presumption of irreparable harm upon a finding of a violation. 15 U.S.C. § 1116(a).

Here, Ayush seeks to permanently enjoin Defendant Nova from its infringing use of its trademarks. *See* Dkt. No. 21-1 at 3. Specifically, Ayush seeks an order permanently enjoining and restraining Defendant Nova from:

> a. manufacturing, producing, acquiring, purchasing, importing, receiving, exporting, distributing, circulating, selling, offering for sale, advertising, or promoting in the United States any product that bears one or more of the Ayush Herbs Trademarks, any mark confusingly similar to the Ayush Herbs Trademarks, or any mark that includes the word or term AYUSH as an element of a mark or product name, in connection with the goods or services identified in the Ayush Herbs Trademarks' registration certificates or related goods or services;
>
> b. acting through or forming other entities or associations, or using any other instrumentalities or devices, for the purpose of circumventing, evading, or avoiding or otherwise violating the prohibitions referred to in subparagraph (a) above; [and]
>
> c. directly or indirectly assisting any other individual or entity in engaging in or performing any of the activities referred to in subparagraph (a) above.

*Id.* at 3–4. Ayush argues that all four *eBay* factors weigh in favor of a permanent injunction. *See* Dkt. No. 21 at 17–18. The Court agrees.

1    First, Ayush is entitled to a rebuttable presumption of irreparable harm, as it has alleged
2 (and the Court accepts as true) that Defendant Nova has committed trademark infringement,
3 among other claims. *See* 15 U.S.C. § 1116(a). Defendant Nova presents no evidence to rebut this
4 presumption, and the Court finds no such evidence in the record.

5    Second, remedies at law are inadequate to compensate Ayush, who has alleged harm to
6 its reputation and goodwill. "Harm resulting from lost customer goodwill 'is neither easily
7 calculable, nor easily compensable,' and thus cannot be remedied by a monetary award. *Dong*,
8 2024 WL 775900, at *10 (quoting *Wong*, 2024 WL 553695, at *10). Moreover, Defendant
9 Nova's failure to appear "suggests that [its] infringing behavior may continue absent an
10 injunction." *Id.* (citing *Wong*, 2024 WL 553695, at *10).

11    Third, the balance of hardships strongly favors Ayush. Without an injunction, Ayush may
12 suffer further harm to its reputation through counterfeit sales. "On the other hand, because
13 Defendant [] never had a right to infringe [Ayush's] trademarks in the first place, [it] will suffer
14 no harm from an injunction prohibiting unlawful infringement in the future." *Id.* (citing *Wong*,
15 2024 WL 553695, at *10); *see also T-Mobile USA, Inc. v. Terry*, 862 F. Supp. 2d 1121, 1133
16 (W.D. Wash. 2012) (holding defendants had "no legitimate interest" in continuing deceptive
17 conduct).

18    Finally, a permanent injunction would serve public interest "in protecting trademark
19 holders' rights and minimizing the confusion caused by the presence of counterfeit products in
20 the marketplace." *Wong*, 2024 WL 553695, at *10 (citing *Treemo, Inc. v. Flipboard, Inc.*, 53 F.
21 Supp. 3d 1342, 1368 (W.D. Wash. 2014).

22    Therefore, the Court PERMANENTLY ENJOINS Defendant Nova on the terms requested.

## IV. CONCLUSION

Accordingly, the Court ORDERS as follows:

1. Plaintiff's motion for default judgment end entry of permanent injunction against Defendant Nova (Dkt. No. 21) is GRANTED.

2. Judgement is ENTERED as to all claims.

3. Defendant Nova and its officers, agents, servants, employees, and attorneys, and all others in active concert or participation with Defendant Nova who receive actual notice of this order, are PERMANENTLY ENJOINED from:

   (a) manufacturing, producing, acquiring, purchasing, importing, receiving, exporting, distributing, circulating, selling, offering for sale, advertising, or promoting in the United States any product that bears one or more of the Ayush Herbs Trademarks, any mark confusingly similar to the Ayush Herbs Trademarks, or any mark that includes the word or term AYUSH as an element of a mark or product name, in connection with the goods or services identified in the Ayush Herbs Trademarks' registration certificates or related goods or services;

   (b) acting through or forming other entities or associations, or using any other instrumentalities or devices, for the purpose of circumventing, evading, or avoiding or otherwise violating the prohibitions referred to in subparagraph (a) above; and

   (c) directly or indirectly assisting any other individual or entity in engaging in or performing any of the activities referred to in subparagraph (a) above.

4. The Court retains jurisdiction over this case for the purpose of enforcing this Order and Injunction, and for any supplemental proceedings that may be authorized by law.

5. Ayush's counsel is DIRECTED to serve a copy of this Order and Injunction on Defendant Nova's last known address, which Ayush used to complete service.

Dated this 12th day of February 2025.

Tana Lin
United States District Judge